LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 28335

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GALI HUFF, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Traffic Nos. 1DTC-06-041423 & 1648140P1)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Gali Huff (Huff) appeals from the two judgments entered on November 15, 2006, in the District Court of the First Circuit, Honolulu Division (district court),[1] convicting taxi cab driver Huff of two violations of Revised Ordinances of Honolulu (ROH) § 12-4.4(b) (1983).[2] In Case No. 1648140P1 (Kalakaua case), Huff was cited for parking a taxi cab on Kalakaua Avenue while waiting for a fare to hire by Honolulu Police Officer Michael Hunt (Officer Hunt) on October 20, 2005. In Case No. 1DTC-06-041423 (University case), Huff was cited for parking a taxi cab on University Avenue while waiting for a fare to hire by Honolulu Police Officer Robert Canady (Officer Canady) on May 26, 2006. On appeal, Huff argues there was insufficient evidence to rebut her explanations of her conduct.

_____

[1] The Honorable Hilary Benson Gangnes presiding.

[2] **Sec. 12-4.4     Vehicles awaiting fare.**

(a)     The drivers of licensed vehicles, standing at any public place, shall obey the orders of the police as to alignment.

(b)     Except as otherwise provided in Section 12-4.2, no person, owning or having the control of any licensed vehicle for hire shall stand or park, or permit the standing or parking of any such vehicle on any public highway while waiting for a fare to hire such vehicle.

(Sec. 12-4.4, R.O. 1978 (1983))

At trial, Officer Hunt testified that on October 20, 2005, he saw a taxicab stopped in the front of the Outrigger Waikiki on Kalakaua Avenue, a City and County of Honolulu road. The dome light of the taxicab was on and the rest of the vehicle's lights were off and the engine was not running. Officer Hunt observed the vehicle for about two minutes and during that time he saw the driver looking at the hotel, looking around, and then looking back at the hotel. Based upon his six years experience working in Waikiki, the actions of the driver indicated that the driver was "trying to catch somebody's attention." The driver was Huff. There was no taxi stand in the area.

After observing her for two minutes, Officer Hunt approached Huff and asked her for her license. Huff started the cab and attempted to leave. Officer Hunt cited Huff. Officer Hunt testified that a cab driver could wait while a customer went to an ATM for cash. However, during the two minutes Officer Hunt watched Huff and for the additional two or three minutes of his encounter with her, no one approached Huff to pay the cab fare and he did not see anyone that might have been waiting to pay Huff.

Officer Canady testified that on May 26, 2006, at approximately 1:30 a.m., he observed a taxi parked on University Avenue, a City and County of Honolulu road, in front of Magoo's Bar. He observed the driver looking back and forth in such a manner that it appeared to him that she was trying to make eye contact with people exiting the bar to attract a fare. Officer Canady observed Huff parked in front of Magoo's for two minutes. He then approached Huff and asked her what she was doing. Huff said that she was just filling out paperwork. Officer Canady issued the citation.

Huff testified that in the Kalakaua case, she had just dropped off a customer and he told her to wait while he went to get some money. In the University case, Huff testified that she had just dropped off a fare and was filling out her trip record.

2

The district court found Huff guilty on both counts holding that "based on the credible testimony of the two officers that the State has met its burden of proving the defendant committed these violations in both cases."

Viewing the evidence in the light most favorable to the prosecution and giving full deference to the fact finder's right to determine credibility and to make reasonable inferences of fact from the evidence, there was substantial evidence to support the convictions in both cases.  See State v. Baxley, 102 Hawai'i 130, 133, 73 P.3d 668, 671 (2003); see also State v. Naeole, 62 Haw. 563, 565, 617 P.2d 820, 823 (1980); State v. Mark, 120 Hawai'i 499, 516, 210 P.3d 22, 39 (App. 2009).  If the district court believed the testimony of the officers rather than the testimony of Huff, as it was entitled to do, the evidence supported the conclusion that in both the Kalakaua case and the University case, Huff was parked while waiting for a fare to hire her in violation of ROH § 12-4.4(b).

Therefore, IT IS HEREBY ORDERED that the judgments of conviction in Case No. 1648140P1 and Case No. 1DTC-06-041423 entered on November 15, 2006, in the District Court of the First Circuit, Honolulu Division are affirmed.

DATED:  Honolulu, Hawai'i, March 8, 2010.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge